# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
### DIVISION

In re:                                              §
                                                    §
GARR SR., JOHNNY W                                  §        Case No. 10-15575
GARR, VALERIE A                                     §
                                                    §
                                                    §
                        Debtor(s)                   §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under chapter     of the United States Bankruptcy Code was filed on
    .   The undersigned trustee was appointed on           .

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to
the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned
pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the
disposition of all property of the estate is attached as **Exhibit A**.

4.  The trustee realized gross receipts of                    $

        Funds were disbursed in the following amounts:

        Payments made under an interim
        disbursement
        Administrative expenses
        Bank service fees
        Other payments to creditors
        Non-estate funds paid to 3rd Parties
        Exemptions paid to the debtor
        Other payments to the debtor

        Leaving a balance on hand of[1]              $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

The remaining funds are available for distribution.

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was                and the deadline for filing governmental claims was              . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $            .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $        as interim compensation and now requests a sum of $              , for a total compensation of $            [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $        , and now requests reimbursement for expenses of $            , for total expenses of $          [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/Phillip D. Levey_____
                                         Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page:   1

Exhibit A

| | | |
|---|---|---|
| Case No: | 10-15575   EW   Judge: EUGENE R. WEDOFF | |
| Case Name: | GARR SR., JOHNNY W | |
| | GARR, VALERIE A | |
| For Period Ending: | 02/11/14 | |

| | |
|---|---|
| Trustee Name: | Phillip D. Levey |
| Date Filed (f) or Converted (c): | 04/08/10 (f) |
| 341(a) Meeting Date: | 05/25/10 |
| Claims Bar Date: | 08/05/11 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Debtors' residence located at 331 Bohland Ave., Be | 155,000.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 2. Cash on hand | 50.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 3. Midwest Bank and Trust | 600.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 4. Midwest Bank and Trust | 25.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 5. Midwest Bank and Trust | 20.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 6. Household goods and furnishings, electronics | 3,000.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 7. Normal complement of clothing | 400.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 8. Miscellaneous jewelry and watches of limited value | 500.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 9. Union Pacific Railroad Pension | 500,000.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 10. 1968 Chrysler Imperial - doesn't run | 300.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 11. 1994 Cadillac Deville, 100k+ miles | 800.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 12. 1997 Ford E150 Van, 105k+ miles | 1,500.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 13. 2004 Ford Freestar, approx 75K miles | 5,055.00 | 4,800.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 2

**Exhibit A**

| | |
|---|---|
| Case No: | 10-15575    EW    Judge: EUGENE R. WEDOFF |
| Case Name: | GARR SR., JOHNNY W |
| | GARR, VALERIE A |

| | |
|---|---|
| Trustee Name: | Phillip D. Levey |
| Date Filed (f) or Converted (c): | 04/08/10 (f) |
| 341(a) Meeting Date: | 05/25/10 |
| Claims Bar Date: | 08/05/11 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description<br>(Scheduled and Unscheduled (u) Property) | Petition/<br>Unscheduled<br>Values | Estimated Net Value<br>(Value Determined by Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | Property Formally<br>Abandoned<br>OA=554(a) Abandon | Sale/Funds<br>Received by<br>the Estate | Asset Fully Administered (FA)/<br>Gross Value of Remaining Assets |
| 14. Garr v. Union Pacific (u)<br>   Employment discrimination in litigation. | 0.00 | 275,000.00 | | 275,000.00 | FA |

|  |  |  |  |  | Gross Value of Remaining Assets |
|---|---|---|---|---|---|
| TOTALS (Excluding Unknown Values) | $667,250.00 | $279,800.00 | | $275,000.00 | $0.00 |
| | | | | | (Total Dollar Amount in Column 6) |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 11/30/13        Current Projected Date of Final Report (TFR): 01/31/14

FORM 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page:    1

Exhibit B

| Case No: | 10-15575  -EW |
| Case Name: | GARR SR., JOHNNY W |
| | GARR, VALERIE A |
| Taxpayer ID No: | *******9437 |
| For Period Ending: | 02/11/14 |

| Trustee Name: | Phillip D. Levey |
| Bank Name: | ASSOCIATED BANK |
| Account Number / CD #: | *******3141  Checking |
| Blanket Bond (per case limit): | $  5,000,000.00 |
| Separate Bond (if applicable): | |

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| | Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | | BALANCE FORWARD | | | | 0.00 |
| | 07/30/13 | 14 | Union Pacific Railroad | SETTLEMENT | 1249-000 | 275,000.00 | | 275,000.00 |
| | | | | Bank Serial #: | | | | |
| | 08/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 26.37 | 274,973.63 |
| | 09/09/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 408.70 | 274,564.93 |
| * | 09/12/13 | 14 | Union Pacific Railroad | SETTLEMENT | 1249-003 | 275,000.00 | | 549,564.93 |
| | | | | Wire received 8/7/13. Not recorded until 9/12/13. | | | | |
| * | 09/12/13 | 14 | Union Pacific Railroad | SETTLEMENT | 1249-003 | -275,000.00 | | 274,564.93 |
| | | | | ENTERED IN ERROR. | | | | |
| | 10/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 395.08 | 274,169.85 |
| | 10/17/13 | 010001 | John Bishof | ATTORNEY FEES | 3210-000 | | 78,439.93 | 195,729.92 |
| | | | 101 North Wacker Drive | S;pecial Counsel Fees per Order dated July 9, 2013. | | | | |
| | | | Suite 200 | | | | | |
| | | | Chicago, IL 60606 | | | | | |
| | 10/17/13 | 010002 | John Bishof | Reimbursement of Costs Advanced | 3220-000 | | 21,560.07 | 174,169.85 |
| | | | 101 North Wacker Drive | Reimbursement of costs advanced per Order dated | | | | |
| | | | Suite 200 | July 9, 2013. | | | | |
| | | | Chicago, IL 60606 | | | | | |
| | 10/24/13 | 010003 | UNITED STATES TREASURY | Estate Income Taxes | 2810-000 | | 30,895.00 | 143,274.85 |
| | | | | 2013 FORM 1041 | | | | |
| | | | | EMPLOYER ID # 46-6789437 | | | | |
| | 10/24/13 | 010004 | ILLINOIS DEPARTMENT OF REVENUE | ESTATE INCOME TAXES | 2820-000 | | 6,828.00 | 136,446.85 |
| | | | | 2013 FORM IL-1041 | | | | |
| | | | | EMPLOYER ID # 46-6789437 | | | | |
| | 11/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 359.67 | 136,087.18 |
| | 12/06/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 201.77 | 135,885.41 |
| | 01/08/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 202.02 | 135,683.39 |

Page Subtotals          275,000.00          139,316.61

Page:    2

**Exhibit B**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | |
|---|---|
| Case No: | 10-15575  -EW |
| Case Name: | GARR SR., JOHNNY W |
| | GARR, VALERIE A |
| Taxpayer ID No: | *******9437 |
| For Period Ending: | 02/11/14 |

| | |
|---|---|
| Trustee Name: | Phillip D. Levey |
| Bank Name: | ASSOCIATED BANK |
| Account Number / CD #: | *******3141  Checking |
| Blanket Bond (per case limit): | $  5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | Uniform Tran. Code | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | COLUMN TOTALS | | 275,000.00 | 139,316.61 | 135,683.39 |
| | | | Less:  Bank Transfers/CD's | | 0.00 | 0.00 | |
| | | | Subtotal | | 275,000.00 | 139,316.61 | |
| | | | Less:  Payments to Debtors | | | 0.00 | |
| | | | Net | | 275,000.00 | 139,316.61 | |
| | | | TOTAL - ALL ACCOUNTS | | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
| | | | Checking - *******3141 | | 275,000.00 | 139,316.61 | 135,683.39 |
| | | | | | 275,000.00 | 139,316.61 | 135,683.39 |
| | | | | | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals                0.00                0.00

Ver: 17.04c

LFORM24

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | Date: February 14, 2014 |
|---|---|---|---|---|---|

Case Number:    10-15575                                         *Claim Class Sequence*
Debtor Name:    GARR SR., JOHNNY W

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001<br>3110-00 | Phillip D. Levey | Administrative | | $10,440.00 | $0.00 | $10,440.00 |
| 001<br>2700-00 | Clerk, U.S. Bankruptcy Court | Administrative | | $260.00 | $0.00 | $260.00 |
| 001<br>3410-00 | Popowcer Katten, Ltd.<br>35 East Wacker Drive<br>Suite 1550<br>Chicago, IL  60601 | Administrative | | $1,584.00 | $0.00 | $1,584.00 |
| | Subtotal for Class Administrative | | | $12,284.00 | $0.00 | $12,284.00 |
| 999<br>8200-00 | JOHNNY W GARR SR.<br>4716 Kestrel Street<br>Grand Prairie, TX  75052 | Unsecured | | $63,082.69 | $0.00 | $63,082.69 |
| 000001<br>070<br>7100-00 | Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH 43054-3025 | Unsecured | Claim re Johnny W. Garr, Sr. only. | $11,164.26 | $0.00 | $11,164.26 |
| 000002<br>070<br>7100-00 | Midland Credit Management, Inc.<br>8875 Aero Drive, Suite 200<br>San Diego, CA 92123 | Unsecured | Claim re Johnny W. Garr, Sr. only. | $11,470.48 | $0.00 | $11,470.48 |
| 000003<br>070<br>7100-00 | American InfoSource LP as agent for<br>WFNNB<br>as assignee of<br>New York & Co<br>PO Box 248872<br>Oklahoma City, OK 73124-8872 | Unsecured | Claim re Valerie A. Garr only. Since funds in estate resulted solely from settlement of claims belonging to Johnny W. Garr, Sr., only, no distribution of said funds will be made on this claim. | $289.68 | $0.00 | $289.68 |
| 000004<br>070<br>7100-00 | Roundup Funding, LLC<br>MS 550<br>PO Box 91121<br>Seattle, WA 98111-9221 | Unsecured | Joint claim. | $4,455.38 | $0.00 | $4,455.38 |
| 000005<br>070<br>7100-00 | American Express Centurion Bank<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | Unsecured | Claim re Valerie A. Garr only. Since funds in estate resulted solely from settlement of claims belonging to Johnny W. Garr, Sr., only, no distribution of said funds will be made on this claim. | $718.66 | $0.00 | $718.66 |
| 000006<br>070<br>7100-00 | Chase Bank USA NA<br>PO BOX 15145<br>Wilmington, DE 19850-5145 | Unsecured | Claim re Valerie A. Garr only. Since funds in estate resulted solely from settlement of claims belonging to Johnny W. Garr, Sr., only, no distribution of said funds will be made on this claim. | $1,494.73 | $0.00 | $1,494.73 |
| 000007<br>070<br>7100-00 | Chase Bank USA NA<br>PO BOX 15145<br>Wilmington, DE 19850-5145 | Unsecured | Claim re Johnny W. Garr, Sr. only. | $17,846.23 | $0.00 | $17,846.23 |

| | | | | | | |
|---|---|---|---|---|---|---|

Page 2

**EXHIBIT C**
**ANALYSIS OF CLAIMS REGISTER**

Date: February 14, 2014

Case Number:   10-15575
Debtor Name:   GARR SR., JOHNNY W

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 000008 070 7100-00 | Sallie Mae c/o Sallie Mae Inc. 220 Lasley Ave. Wilkes-Barre, PA 18706 | Unsecured | Claim re Valerie A. Garr only. Since funds in estate resulted solely from settlement of claims belonging to Johnny W. Garr, Sr., only, no distribution of said funds will be made on this claim. | $63,706.15 | $0.00 | $63,706.15 |
| 000009 070 7100-00 | Midland Funding LLC c/o Recoser, LLC 25 SE 2nd Ave, Suite 1120 Miami FL 33131-1605 | Unsecured | Joint claim. | $678.16 | $0.00 | $678.16 |
| | Subtotal for Class Unsecured | | | $174,906.42 | $0.00 | $174,906.42 |
| | Case Totals: | | | $187,190.42 | $0.00 | $187,190.42 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 10-15575
Case Name: GARR SR., JOHNNY W
          GARR, VALERIE A
Trustee Name: Phillip D. Levey

Balance on hand                                            $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Phillip D. Levey | $ | $ | $ |
| Trustee Expenses: Phillip D. Levey | $ | $ | $ |
| Attorney for Trustee Fees: Phillip D. Levey | $ | $ | $ |
| Accountant for Trustee Fees: Popowcer Katten, Ltd. | $ | $ | $ |
| Charges: Clerk, U.S. Bankruptcy Court | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses        $_____

Remaining Balance                                             $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $        must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be          percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Discover Bank | $ | $ | $ |
| 000002 | Midland Credit Management, Inc. | $ | $ | $ |
| 000004 | Roundup Funding, LLC | $ | $ | $ |
| 000007 | Chase Bank USA NA | $ | $ | $ |
| 000009 | Midland Funding LLC | $ | $ | $ |

Total to be paid to timely general unsecured creditors          $_____

Remaining Balance          $_____

Tardily filed claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be          percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of      % pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $      . The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $           .

UST Form 101-7-TFR (5/1/2011) *(Page: 11)*